IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Eddie Kodell Goodwin,    )
                         )  C.A. No. 0:19-1816-HMH-PJG
        Petitioner,      )
                         )  **OPINION & ORDER**
    vs.                  )
                         )
Warden Mackelburg,       )
                         )
        Respondent.      )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Eddie Kodell Goodwin ("Goodwin"), a pro se federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation filed on August 30, 2019, Magistrate Judge Gossett recommends dismissing Goodwin's petition without prejudice and without requiring the Respondent to file a return.

Goodwin filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court was able to glean one specific objection. Goodwin objects to the magistrate judge's conclusion that Goodwin cannot satisfy the 28 U.S.C. § 2255(e) savings clause test, set forth in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), because the case upon which Goodwin relies, United States v. Moss, 920 F.3d 752 (11th Cir. 2019), only applies to aggravated assault as a predicate offense under the Armed Career Criminal Act ("ACCA"), not the United States Sentencing Guidelines ("U.S.S.G."). (Objs. 1-3, ECF No. 13.)

A federal prisoner may challenge the legality of his sentence under § 2241 if the prisoner can demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255); Wheeler, 886 F.3d at 428. To demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence, the petitioner must establish that

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429. If the petitioner cannot satisfy each prong of the savings clause test, the court lacks subject matter jurisdiction to consider the petition. Id. at 423.

In 2012, Goodwin was convicted in the Southern District of Georgia of possession with intent to distribute controlled substances and sentenced to 262 months' imprisonment. (§ 2241

Pet. 2-3, ECF No. 1.) Goodwin was sentenced as a career offender under the advisory U.S.S.G. because of prior drug and aggravated assault convictions. United States v. Goodwin, No. 4:11-cr-00348-WTM-CLR (S.D. Ga. 2012).[2] Goodwin appealed, and the Eleventh Circuit affirmed his conviction and sentence on May 17, 2013. United States v. Goodwin, No. 12-13951, 2013 WL 2150845, at *1, *3 (11th Cir. May 17, 2013) (unpublished).

Goodwin sought relief pursuant to 28 U.S.C. § 2255. Goodwin v. United States, Nos. CV413-263, CR411-348, 2013 WL 6666115, at *1 (S.D. Ga. Dec. 17, 2013) (unpublished). On December 17, 2013, the district court denied Goodwin's motion, but granted him leave to amend. Id. at *1-2. Goodwin filed an amendment, and the district court again denied the motion on January 28, 2014. Goodwin v. United States, Nos. CV413-263, CR411-348, 2014 WL 317407, at *1, *3 (S.D. Ga. Jan. 28, 2014) (unpublished). Goodwin did not appeal the denial of his § 2255 motions.

In the instant case, Goodwin filed a § 2241 petition on June 27, 2019. (§ 2241 Pet., generally, ECF No. 1.) Goodwin argues, pursuant to Wheeler, that he is no longer a career offender under U.S.S.G. § 4B1.1 because his prior aggravated assault conviction is not a crime of violence in light of the Eleventh Circuit's recent decision in Moss. (Id. at 8-9, ECF No. 1.) Further, Goodwin objects to the magistrate judge's conclusion that Moss does not apply to his circumstances because Moss deals with the ACCA, not the U.S.S.G. (Objs. 2-3, ECF No. 13.) Goodwin submits that both the Eleventh and Fourth Circuits have held that "[d]ecisions

---

[2] This court may take judicial notice of the prior case. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3

construing and defining 'violent felony' in the ACCA frequently apply to the interpretation of the residual clause in the definition of 'crime of violence' in U.S.S.G. [§] 4B1.2(a)(2) because the two provisions use nearly identical language." (Id. at 2, ECF No. 13 (citing Brown v. United States, 688 Fed. App'x 644, 648 n.7 (11th Cir. May 5, 2017) (unpublished); United States v. Waters, 697 Fed. App'x 760, 767-68 (4th Cir. June 21, 2017) (unpublished); United States v. Hall, 567 Fed. App'x 896, 898 (11th Cir. June 2, 2014) (unpublished); United States v. Chitwood, 676 F.3d 971, 975 n.2. (11th Cir. 2012)).)

However, in Moss, the court explicitly declined to address the petitioner's arguments under the U.S.S.G. and only addressed the ACCA. Moss, 920 F.3d at 754 n.1. Further, there is no case law extending Moss to the U.S.S.G. In addition, the Eleventh Circuit has granted a rehearing en banc for Moss and vacated the opinion, making Moss no longer binding precedent. United States v. Moss, 928 F.3d 1340 (11th Cir. 2019); Jones v. United States, Nos. 4:12-CR-6, 4:16-CV-196, 2019 WL 3365839, at *1 (M.D. Ga. July 25, 2019) (unpublished). Therefore, Goodwin has not satisfied the second prong of the savings clause test, as he has failed to introduce a change in the substantive law subsequent to his § 2255 motion that applies retroactively on collateral review.

Further, Goodwin cannot satisfy the fourth prong of the savings clause test because he was sentenced under the advisory U.S.S.G., and therefore, he cannot prove a fundamental defect in his sentence. For habeas corpus petitions within the Fourth Circuit, district courts apply the substantive law of the place of conviction and the procedural law of the Fourth Circuit. See, e.g., Bender v. Carter, No. 5:12CV165, 2013 WL 5636745, at *2 (N.D. W. Va. Oct. 15, 2013) (unpublished). Within this framework, the substantive law of the Eleventh Circuit only applies

4

to the second prong of the savings clause test.  See, e.g., Chaney v. O'Brien, No. 7:07CV00121, 2007 WL 1189641, at *2-3 (W.D. Va. Apr. 23, 2007) (unpublished) (noting that the law of the place of conviction governs the second prong of the savings clause test); Morgenstern v. Andrews, No. 5:12-HC-2209-FL, 2013 WL 6239262, at *3 (E.D.N.C. Dec. 3, 2013) (unpublished) (citing Chaney and applying the substantive law of the place of conviction to the second prong of the savings clause test); Eames v. Jones, 793 F. Supp. 2d 747, 749-50 (E.D.N.C. 2011) (same).  However, Fourth Circuit law applies to the other prongs.  See, e.g., Ward v. Joyner, C.A. No. 2:19-cv-244-RBH-MGB, 2019 WL 2552606, at *2-3 (D.S.C. Feb. 26, 2019), adopted by C.A. No. 2:19-244-MGL, 2019 WL 2551944 (D.S.C. June 19, 2019) (unpublished).  Thus, Fourth Circuit law is applicable to the fourth prong of the savings clause test.

In Foote, the Fourth Circuit held that imposition of a career offender sentence enhancement cannot demonstrate a fundamental defect in satisfaction of the fourth prong of the savings clause test when a petitioner was sentenced under the advisory U.S.S.G. post United States v. Booker, 543 U.S. 220 (2005).  United States v. Foote, 784 F.3d 931, 932, 941-43 (4th Cir. 2015) (noting that petitioner's career offender designation is not "a defect of a 'fundamental' nature").  Cognizable fundamental defects include "defects of a constitutional magnitude" and "defects that are equally fundamental, such as sentences issued in excess of the maximum authorized by law."  Id. at 942 (internal quotation marks omitted) (citing 28 U.S.C. § 2255(a)).  Because the advisory U.S.S.G. lack "legal force," the U.S.S.G. are not "in the same category as [a] violation of a statute or constitutional provision."  Id. at 941-42 (internal quotation marks and citations omitted) (noting that district courts have discretion in deciding

5

whether to vary from the career offender sentencing range in the advisory U.S.S.G.). The Fourth Circuit has found that Foote applies to § 2241 petitions that seek to satisfy the Wheeler savings clause test. Lester v. Flourney, 909 F.3d 708, 715 (4th Cir. 2018) (noting that "Foote undoubtedly would bar [petitioner's § 2241] petition had he been sentenced under the advisory [U.S.S.G.]."); Kornegay v. Warden, FCI Butner, No. 13-7565, 2019 WL 258720, at *1 (4th Cir. Jan. 17, 2019) (per curium) (unpublished) (affirming a district court's order denying § 2241 relief because petitioner "was sentenced under the advisory [U.S.S.G.] and Foote bars his petition").

Moreover, district courts in the Fourth Circuit have also applied Foote's holding in the specific context of career offender sentence enhancements. See, e.g., Lee v. Andrews, No. 5:18-HC-2031-FL, 2018 WL 4924008, at *2 (E.D.N.C. Oct. 10, 2018) (unpublished) (holding that a career offender sentence enhancement imposed under the advisory U.S.S.G., that was later invalidated by a subsequent change in law, did not amount to a fundamental defect under Wheeler and Foote); Mangum v. Hollembaek, No. 5:16-HC-2293-FL, 2018 WL 4113346, at *2 (E.D.N.C. Aug. 28, 2018) (unpublished) (examining a § 2241 motion alleging an erroneous sentence enhancement and holding that Foote prevented the court from finding a fundamental defect under the savings clause test).

Goodwin was sentenced under the advisory U.S.S.G. Consequently, Goodwin cannot satisfy the fourth prong of the savings clause test under Wheeler because there is no fundamental defect in his sentencing.

Based on the foregoing, the court finds that Goodwin cannot challenge his sentence under § 2241 because § 2255 is not inadequate or ineffective to test the legality of his sentence.

Accordingly, the court adopts Magistrate Judge Gossett's Report and Recommendation and incorporates it herein.

Therefore, it is

**ORDERED** that Goodwin's petition, docket number 1, is dismissed without prejudice for lack of jurisdiction and without requiring the Respondent to file a return. It is further

**ORDERED** that a certificate of appealability is denied because Goodwin has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
October 1, 2019

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[3] District courts must issue certificates of appealability when entering "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions. Rule 1(b), Rules Governing § 2254 Cases.